DAVIS, J.,
dissenting.
I respectfully disagree with the majority’s conclusion that the outcome of this case is controlled by the decision in Gibson. The facts of this case are more similar to Anglin than to Gibson. Here, the second accident was not a reasonably foreseeable consequence of the first accident. It is undisputed that the second accident occurred over an hour after the first accident and that the second accident occurred over a mile away from the location of the original accident. Additionally, the evidence established that a sheriffs deputy had engaged his emergency lights on the side of the road to warn drivers about the first accident. While it is foreseeable that a second accident may occur immediately after and in the vicinity of the first accident on an interstate, it is not foreseeable that a second accident would occur over an hour later and over a mile away when traffic was not at a standstill. The second accident was not the result of Kindler suddenly braking as shown by his uncontro-verted testimony that he had been driving at a reduced speed of approximately 25 m.p.h. for about five minutes prior to the second accident.
Moreover, decedent’s actions constitute highly unusual, extraordinary, or bizarre conduct so as to relieve appellees of any liability from the second accident. The undisputed evidence established that decedent was traveling at 70 m.p.h. at the time of impact, that he was using his cruise control, that he did not apply his brakes, that he did not employ any evasive maneuvers, and that he was not wearing his safety belt. None of these actions are reasonable in light of the fact that decedent should have been warned about the accident by the presence of the deputy on the side of the road. Thus, decedent’s gross negligence in operating his vehicle relieved appellees of any liability for their alleged negligent conduct.
Additionally, the first accident did not set off a chain of events that resulted in the damage to appellant. This is not a case involving multiple accidents occurring within minutes of each other as was the case in Gibson. Here, the first accident merely provided the occasion for decedent’s gross negligence to cause the second accident.
Accordingly, I would affirm the trial court’s order granting final summary judgment and dismissing the action.